UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANAD R. A. K.,

Plaintiff,

v.

Case No.: 2:25-cv-11016
Hon. Gershwin A. Drain

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
______________________________/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [ECF No. 17], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 12], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 16], AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

## I. INTRODUCTION

In April 2025, Plaintiff Sanad R. A. K. brought the instant action against the Commissioner of Social Security seeking judicial review of a final administrative decision under 42 U.S.C. § 405(g) denying Plaintiff's application for Social Security Disability Insurance benefits for lack of disability. ECF No. 1, PageID.1. The Court referred this matter to Magistrate Judge Anothony P. Patti for issuance of a Report and Recommendation ("R&R"). ECF No. 10.

Plaintiff and Defendant brought cross motions for summary judgment. ECF No. 12;

ECF No. 16. In his R&R, Magistrate Judge Patti recommended the Court deny Plaintiff's Motion, grant Defendant's Motion, and affirm the decision of the Commissioner of Social Security. ECF No. 17, PageID.603. First, Magistrate Judge Patti concluded that the decision to terminate Plaintiff's Social Security benefits in February 2016—including Title II Disability Insurance ("DI") and Title XVI Supplemental Security Income ("SSI") benefits—was supported by substantial evidence and that "Plaintiff received the process he was due." ECF No. 17, PageID.611-623. Second, Magistrate Judge Patti concluded that Plaintiff's 2023 application for SSI benefits was properly considered. ECF No. 17, PageID.624-626.

Plaintiff raised one objection to Magistrate Judge Patti's R&R. *See* ECF No. 18. Defendant filed a response to Plaintiff's objections. ECF No. 21. The Court has considered the briefing, the R&R, and Plaintiff's objection, and concludes that it will **ACCEPT AND ADOPT** Magistrate Judge Patti's R&R [ECF No. 17], **OVERRULE** Plaintiff's objection [ECF No. 18], **DENY** Plaintiff's Motion for Summary Judgment [ECF No. 12], and **GRANT** Defendant's Motion for Summary Judgment [ECF No. 16].

## II. ANALYSIS

The standard of review when examining an R&R is set forth in 28 U.S.C. § 636. It states that the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1). It may "accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

Having considered the parties' arguments and Plaintiff's objection, the Court concludes that Magistrate Judge Patti arrived at the correct result for the reasons stated in his R&R. The Court will address Plaintiff's objection and explain its reasoning for overruling it.

**a. Objection I: Reconsideration of 2016 Determination**

Plaintiff's only objection is that Magistrate Judge Patti "erred in finding that the February 2016 determination to terminate Plaintiff's benefits from a prior fully favorable decision, dated August 1998, should not be reconsidered." ECF No. 18, PageID.629. More specifically, Plaintiff objects to Magistrate Judge Patti's conclusion that "Plaintiff did not have a colorable constitutional claim to reopen his prior continuing disability review termination dated February 2016." ECF No. 18, PageID.629. Plaintiff argues that he raised a colorable constitutional claim with respect to the February 2016 termination of his DI and SSI benefits, and that this claim was not adequately addressed during a 2024 review by an Administrative Law Judge ("ALJ"). ECF No. 18, PageID.632-634. Plaintiff asserts that he was deprived notice and an opportunity to be heard in violation of his due process rights when letters concerning a continuing disability review were sent to the address of Plaintiff's representative payee ("Rep. Payee") in January 2016. ECF No. 12, PageID.568. Information requested in the letters was not returned, resulting in termination of Plaintiff's DI and SSI benefits in February 2016. ECF No. 12, PageID.567-570. Plaintiff argues that

Defendant "failed to exercise reasonable care in monitoring" Rep. Payee following Rep. Payee's alleged failure to return a request for accounting information concerning Plaintiff's DI and SSI benefits in 2010.[1] ECF No. 18, PageID.633. Plaintiff, accordingly, argues that this failure of Defendant to monitor Rep. Payee effectively prevented Plaintiff from receiving the 2016 continuing disability review letters. *See id*.

Defendant opposes the objection, arguing that the 2016 continuing disability review letters were effective and that Plaintiff's DI and SSI benefits were properly terminated in February 2016 following Plaintiff's failure to provide information requested therein. ECF No. 21, PageID.644.

As an initial matter, in his Motion, Plaintiff argued that the 2016 continuing disability review letters were ineffective because Plaintiff was residing in Iraq when the letters were sent, Plaintiff lacked mental capacity to comply with the letters, and Plaintiff did not understand written English (the language in which the letters were written). ECF No. 12, PageID.561. Plaintiff, however, objects only to Magistrate Judge Patti's conclusions concerning Rep. Payee's failure to fulfill his responsibilities as Plaintiff's representative payee. ECF No. 18, PageID.632-634. Accordingly, this Court limits its

[1] Defendant points out that "Plaintiff did not present this theory to the Magistrate Judge, and has accordingly forfeited any reliance on it that extends beyond responding to the Magistrate Judge's reason for declining to accept the arguments he did make." ECF No. 21, PageID.642. The Court agrees. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). No reference to the October 23, 2010, letter to Rep. Payee requesting accounting verification information appears in Plaintiff's pleadings prior to his objections to the R&R. ECF No. 18, PageID.630; *see* ECF No. 1; *see also* ECF No. 12.

review to whether sending the continuing disability letters to the address of Rep. Payee in 2016—while Plaintiff resided in Iraq—deprived Plaintiff of due process. We conclude that it did not.

Firstly, the 2016 continuing disability letters were sent to the same address in which all other record communications concerning Plaintiff's DI and SSI benefits were sent. ECF No. 7-1, PageID.186-217. As explained in Magistrate Judge Patti's R&R, Defendant's recent practices indicate that Plaintiff and Rep. Payee were routinely reminded of their reporting responsibilities, including their ongoing responsibility to report any address changes—or to report if Plaintiff "go[es] (for 30 days or more) to any country other than the residence address shown on this application"—to Defendant. ECF No. 17, PageID.622; ECF No. 7-1, PageID.254.

Furthermore, Plaintiff admits that he shared this address with Rep. Payee prior to Plaintiff's departure to Iraq in 2010. ECF No. 12, PageID.566. Plaintiff also appears to have resumed living at this address following his return from Iraq in 2022. ECF No. 7-1, PageID.255. Accordingly, although Plaintiff may have been away from this address in January 2016 when the continuing disability letters were sent, there is no indication that this was an insufficient address for notifying Plaintiff of his continuing disability obligations, whether directly or through Rep. Payee as Plaintiff's appointed representative.

Additionally, Plaintiff admits that letters concerning continuing disability reviews were adequately responded to in 2001 and 2006 while Rep. Payee's was appointed as

Plaintiff's representative. ECF No. 12, PageID.566. Although the record does not indicate the address to which those 2001 and 2006 continuing disability letters were sent, it appears to this Court that there was effective communication between Defendant and Plaintiff via Rep. Payee at least between 2001 and 2006. *Id.* Accordingly, although Plaintiff may have been temporarily out of the county, there is no indication that Rep. Payee was not present at an address sufficient to receive the 2016 continuing disability letters on behalf of Plaintiff.

The Court, therefore, concludes that Plaintiff was not deprived of due process when the continuing disability letters were sent to the address of Rep. Payee in 2016 while Plaintiff resided in Iraq.

## III. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that:

1. Magistrate Judge Patti's R&R [ECF No. 17] is **ACCEPTED and ADOPTED;**
2. Plaintiff's Objections [ECF No. 18] are **OVERRULED;**
3. Plaintiff's Motion for Summary Judgment [ECF No. 12] is **DENIED;**
4. Defendant's Motion for Summary Judgment [ECF No. 16] is **GRANTED.**

**SO ORDERED.**

Dated: September 30, 2026

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge